UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| JORGE J. LEAL, M.D. | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | COMPLAINT |
| U. S. Department of Health and | ) | |
| Human Services, and his Successors; | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES; | ) | |
| and the NATIONAL PRACTITIONER | ) | |
| DATA BANK, an Entity of and Run by | ) | |
| the U.S. Department of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendants. | ) | |

### Jurisdiction and Venue

1. Jurisdiction in this court is based on 5 U.S.C. § 701 et seq. (Administrative Procedures Act) and 28 U.S.C. § 1331 (federal question) in that this complaint involves final agency action made reviewable by statute for which there is no other adequate remedy in a court of competent jurisdiction.

2. Venue is based on 28 U.S.C. § 1391(e) in that a substantial part of the events giving rise to the underlying claim occurred in Florida and plaintiff is a resident of Florida.

### Parties

3. Plaintiff is a resident of Cocoa, Brevard County, Florida. Plaintiff was the subject of an Adverse Action Report filed with the National Practitioner Data Bank by Tracye Clark, an employee of the Cape Canaveral Hospital in Cocoa Beach, Florida.

1

4. Defendant Michael O. Leavitt is the Secretary of Health and Human Services (Secretary), duly appointed, qualified and acting as the administrative head of such agency. As such, he is responsible for its acts including the Secretarial Review Decision issued by the Department of Health and Human Services on June 9, 2008.

5. Defendant United States Department of Health and Human Services (HHS) is the federal agency designated under the Health Care Quality Improvement Act of 1986, as amended, 42 U.S.C. § 11101 et seq. (HCQIA) to handle and oversee the receipt and filing of reports from health care entities such as Cape Canaveral Hospital which reports include Adverse Action Reports and Correction Reports.

6. Defendant National Practitioner Data Bank is an entity of and run by the United States Department of Health and Human Services.

### Facts

7. Pursuant to the HCQIA, certain information related to a physician's licensure, privileges, credentials and adverse medical malpractice claims must be reported to the National Practitioner Data Bank (Data Bank). The Data Bank functions as a clearinghouse to obtain and disseminate information on adverse actions taken against a physician.

8. On or about November 7, 2001, Cape Canaveral Hospital (CCH) filed an Adverse Action Report with the Data Bank in which the hospital claimed that plaintiff had been summarily suspended for sixty (60) days in accordance with the CCH medical staff bylaws, rules and regulations for disruptive and destructive behavior.

9. On or about November 14, 2001, plaintiff was notified of the Adverse Action Report, NPDB Report 5500000023359366.

10. On or about November 14, 2001, plaintiff submitted a responsive Subject Statement to the Data Bank and placed Report 500000023359366 in disputed status challenging both the factual accuracy of the report and whether the report was submitted in accordance with the Data Bank's reporting requirements and federal law.

11. On or about September 18, 2007, plaintiff sought Secretarial Review of the disputed report.

12. On or about March 20, 2008, HHS Senior Dispute Resolution Manager Joyce Ann Brentley, J.D., LL.M., determined the Adverse Action Report was factually insufficient and directed CCH to correct the disputed Adverse Action Report by filing a factually sufficient narrative.

13. On or about April 17, 2008, CCH submitted to the Data Bank a "Correction Report" #5500000050743236 which replaced the earlier Adverse Action Report.

14. On or about April 29, 2008, plaintiff submitted a responsive Subject Statement to the Data Bank and placed Report #5500000050743236 in disputed status challenging both the factual accuracy of the report and whether the report was submitted in accordance with the Data Bank's reporting requirements and federal law.

15. On or about April 30, 2008, plaintiff sought Secretarial Review of the disputed Correction Report.

16. On June 9, 2008, the Secretary issued his Secretarial Review Decision finding and ordering that Correction Report #5500000050743236 was factually accurate and should have been filed. Plaintiff's request that Correction Report #5500000050743236 be voided was denied. Said Secretarial Review Decision constitutes the agency's final order.

17. As a result of the foregoing action by the Secretary, the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision have been entered in the Data Bank for dissemination to all entities or queriers who have received a Data Bank report concerning plaintiff in the past three years. Further, the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision will be disseminated to all future entities or queriers who request a Data Bank report on plaintiff.

18. As a result of the dissemination of the foregoing Data Bank report, and unless enjoined by this court, plaintiff has and will suffer great and irreparable harm to his reputation, property, business, trade, profession, or occupation, as well as harm to his present and future business and professional relationships with hospitals, clinics, PPO/HMO credentialing entities, and other such individuals and entities.

19. Plaintiff has exhausted all administrative remedies available to him, and no further right of agency review or appeal is available to plaintiff before HHS or the Data Bank.

### Claim

20. Plaintiff incorporates herein as if fully set forth at this point, the allegations contained in paragraphs 1 through 19 above.

21. Defendants' actions with regard to Adverse Action Report #5500000050743236 (Correction Report) were unlawful in that said actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. More specifically, HHS's review of the disputed Correction Report was improper as a more thorough examination by HHS would have revealed that neither of the predicate conditions for a Data Bank report, as established by § 11133 of the HCQIA was present.

WHEREFORE, plaintiff prays:

A. That this court find the actions of defendants to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

B. That this court find and order that the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision be removed from the Data Bank and all past queriers be notified of such removal.

C. That this court enjoin the defendants and their successors from disseminating the information found in the Correction Report, plaintiff's Subject Statement, and the Secretarial Review Decision to any future queriers.

D. That this court award plaintiff his costs and attorney fees.

E. That this court grant such other and further relief as the court deems just and proper.

Jorge J. Leal, M.D., Plaintiff

BY: _____
Sally A. Rasmussen, #19019
Attorney for Plaintiff
KNUDSEN, BERKHEIMER,
RICHARDSON & ENDACOTT, LLP
3800 VerMaas Place, #200
Lincoln, NE 68502
402/475-7011
Fax: 402/475-8912
E-mail: srasmussen@knudsenlaw.com

STATE OF FLORIDA      )
                      ) ss.
COUNTY OF BREVARD     )

Jorge J. Leal, being upon oath first duly sworn, deposes and states that he is the plaintiff in the above-captioned complaint, that he has read the foregoing complaint, knows the contents thereof, and that the facts therein contained are true.

Jorge J. Leal, Plaintiff FDL1400430480520

Subscribed and sworn to before me on June 23, 2008 by Jorge J. Leal, an individual who is personally known to me or who produced satisfactory identification.

Notary Public

Notary Public State of Florida
Paul Joseph Osborne
My Commission DD521907
Expires 02/23/2010