# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JORGE J. LEAL,**

              **Plaintiff,**

-vs-                                            **Case No. 6:08-cv-1062-Orl-22GJK**

**SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and NATIONAL PRACTITIONER DATA BANK,**

              **Defendants.**
_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION/APPLICATION FOR LEAVE TO APPEAR AS AMICUS CURIAE (Doc. No. 28)** |
| **FILED:** | **February 9, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      On February 9, 2009, non-party Cape Canaveral Hospital, Inc. (CCH), filed a Motion/Application for Leave to Appear to Appear as Amicus Curiae (the "Motion") in the instant action and for a reasonable time to file a brief in support of the final agency action. Doc. No. 28.

CCH states that "[b]ecause of the unique nature of this matter and the particularized facts (known only to a limited number of persons) giving rise to it, and because CCH's rights could be affected by the outcome of this case," it should be allowed to appear and file a brief. *Id*. at 3. CCH also states that Plaintiff has filed a state court action against it and, if CCH is not permitted to appear amicus curiae, there is "potential for some form of collateral estoppel arising from a decision in the instant case." Doc. No. 28 at 2.[1] CCH does not state what issues is seeks to address in its amicus brief other than it wishes "to file a responsive brief addressing the issues raised by Plaintiff." *Id* at 3.

On February 10, 2009, Plaintiff filed a response in opposition (the "Response") to the Motion arguing the relevant facts of this case are contained in the administrative record previously filed with the Court and, therefore, no new facts may be expanded upon by CCH at the appellate level. Doc. No. 29.

United States Supreme Court Rule 37 provides that an amicus brief "that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court." Sup.Ct.R. 37(1). Any briefs that do not bring new, relevant matters to the Court are disfavored. *Id*. A provision of the Federal Rules of Appellate Procedure governs the filing of amicus briefs in cases on appeal. Fed.R.App.P. 29. However, there exists no parallel provision in the Federal Rules of Civil Procedure or in this Court's Local Rules to regulate the filing of an amicus brief in the district court. "The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court." Dejulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (citing *Resort Timeshare Resales, Inc. v.*

---

[1] *Leal v. Cape Canaveral Hospital, Inc.*, Case No. 05-2002 CA 9175 (Fla. 18th Jud. Cir.).

*Stuart*, 764 F.Supp. 1495, 1500 (S.D.Fla.1991); *Ellsworth Assocs., Inc. v. United States*, 917 F.Supp. 841, 846 (D.D.C.1996); *see also Concerned Area Residents for Environ. v. Southview Farm*, 834 F.Supp. 1410, 1413 (W.D.N.Y.1993) ("District Courts have broad discretion in deciding whether to accept amicus briefs."). The circumstances under which an amicus brief is considered desirable, however, are limited:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case ... or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.

*Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F.Supp.2d 295 (W.D.N.Y.2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062-3 (7th Cir.1997) (Posner, J.)).

In the Motion, CCH does not allege that the Secretary of the Department of Health and Human Services (the "Secretary") is not competently represented. CCH does not assert that it wants to bring to the Court's attention some relevant matter not previously addressed by the parties in their briefs. Rather, CCH asserts that unless it is allowed to appear amicus curiae, a ruling by the Court in this case may have some collateral estoppel effect on the state court action. Other than generally raising the issue of collateral estoppel, CCH fails to state what issue(s) may have collateral estoppel effect. In *Palma v. Safe Hurricane Shutters, Inc.*, 2009 WL 32513 at *4 (S.D. Fla. Jan. 2, 2009), the Southern District of Florida described the application of doctrine of collateral estoppel as follows:

> The doctrine of collateral estoppel precludes the relitigation of an issue which has already been litigated and resolved in a prior

> proceeding. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998). To claim the benefit of collateral estoppel, the party relying on the doctrine must show that (1) the issue at stake is the same as the one involved in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the first action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Id*. In addition, the Eleventh Circuit has held that collateral estoppel can apply only "when the parties are the same (or in privity) [and] if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding." *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir.2004) (citing *In re Southeast Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir.1995); *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir.1993)). If identity or privity of parties cannot be established, then there is no need to examine the other factors in determining whether res judicata or collateral estoppel applies. *Id*.

*Id*. While CCH was involved at the administrative level, CCH is not a party to this appeal. Although CCH has expressed concern about the potential for collateral estoppel, CCH has failed to show what interest it has in this proceeding, how collateral estoppel may apply given the fact CCH is not a party to this action, and how CCH's interest in the state court action may be impacted by a decision in this action. Based on the forgoing, the undersigned recommends that the Motion be DENIED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 9, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy