**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JORGE J. LEAL, M.D.,**

      **Plaintiff,**

-vs-                                                             Case No. 6:08-cv-1062-Orl-22GJK

**SECRETARY, U.S. DEPARTMENT OF**
**HEALTH AND HUMAN SERVICES, et al.,**

      **Defendants.**
_____

## ORDER

This cause is before the Court for review of a final order of the Secretary of the Department of Health and Human Services denying Plaintiff Jorge J. Leal, M.D.'s request to void an Adverse Action Report ("AAR")[1] from the National Practitioner Data Bank ("NPDB"). The United States Magistrate Judge has submitted a Report and Recommendation (Doc. 33) recommending that the Secretary's decision be affirmed. After an independent *de novo* review of the record in this matter, including the objections filed by Dr. Leal (Doc. 34) and the Secretary's response to those objections (Doc. 35), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

At the outset, Dr. Leal's objections to the magistrate judge's recitation of the background of the case, the parties' arguments, and the applicable legal principles (Objections 1-9, 13, 16) are

---

[1] All references to the AAR in this Order refer to the Correction Adverse Action Report filed by Cape Canaveral Hospital on April 17, 2008.

overruled. The magistrate judge fairly and accurately portrayed these aspects of the case,[2] and the Court adopts and confirms them as part of this Order. Furthermore, Dr. Leal's objections to the magistrate judge's ultimate conclusions and recommendations (Objections 10-12, 18) must be overruled because they merely state that the magistrate judge was wrong without explanation. The remainder of Dr. Leal's objections (Objections 14, 15, 17 & 19) essentially reassert prior arguments regarding the Secretary's alleged failure to conduct a meaningful review of the AAR. The magistrate judge found that these arguments lacked merit, and the Court agrees.

As the magistrate judge noted, the Secretary's review of disputed reports is limited to resolution of two issues: (1) whether the report is accurate; and (2) whether the reporting entity was required by law to report the adverse action against the health care provider. Dr. Leal criticizes the Secretary's decision with respect to both of these issues.

First, Dr. Leal asserts that the Secretary failed to meaningfully review the accuracy of the information contained in the AAR. In this regard, Dr. Leal accuses the Secretary of simply "rubber-stamping" the hospital's version of the facts as reported and ignoring what Dr. Leal perceives to be the great weight of the evidence indicating that those facts are false. A review of the contents of the Secretarial Review Decision, however, indicates that the Secretary did not ignore Dr. Leal's version of the events leading to his suspension. Indeed, the Secretary began his decision with a detailed recitation of the parties' positions. Then, the Secretary addressed each of Dr. Leal's areas of dispute, pointing to specific evidence in the record, as well as pertinent regulations and agency guidance.

---

[2] In relation to Objection 16, the Court recognizes the magistrate judge's apparent typographical error in paraphrasing the Secretary's duties under 45 C.F.R. § 60.14(c)(2)(I-ii), *see* Doc. 33 at 15; however, this error has no effect on the ultimate conclusion reached by the magistrate judge and, thus, does not alter this Court's agreement with the magistrate judge's recommendations.

In doing so, the Secretary noted the following with respect to Dr. Leal's charge that the AAR was inaccurate:

> [I]n the affidavit dated September 17, 2007, that you submitted with your Secretarial Review Request you admit to the actions for which CCH suspended you. While you claim that the way the facts are portrayed are "misleading" and "inflammatory," your affidavit supports CCH's claim that the actions did happen. You disagree with the action the hospital took based on these actions. This issue is beyond the scope of Secretarial Review.

R. 269. There is substantial evidence in the record to support the Secretary's conclusions in this regard. As the Secretary observed, Dr. Leal's affidavit confirms that the incidents CCH cited as its reasons for imposing the summary suspension actually occurred. Specifically, Dr. Leal admitted in his original and supplemental affidavits that on October 3, 2001, he: (a) was frustrated about delays in getting his patient to surgery; (b) broke a telephone receiver in the doctors' lounge; (c) dropped part of a medical chart on the ground as he was taking it from a nurse; (d) threw jellybeans into a trash can in the medical suite; (e) broke a copy machine in the surgical suite hallway; (f) shoved a metal rolling cart out of his way while entering the operating suite; and (g) spoke sternly to a nurse manager, accused her of being a liar and not knowing what was going on in her department, and questioned her about whether a policy concerning physicians showing up late for surgeries was being fairly applied to all physicians. *See* R. 28-32, 203-05. The depositions submitted by Dr. Leal confirmed these facts. *See* McLeod Dep., R. 208 (testifying that Dr. Leal grabbed a medical chart from her and "papers went flying."); Leal Dep., R. 211-13 (testifying that he was unsure whether any jelly beans hit the floor when he threw them in the trash can, and he was also unsure whether the metal cart he pushed out of his way while entering the operating suite caused damage to the wall); Suarez Dep., R. 221-25 (testifying that Dr. Leal spoke to her in a "loud" tone of voice,

-3-

sounded "angry," and told her she was "prejudiced."). Thus, there was substantial evidence in the record supporting the Secretary's determination that the AAR was accurate as reported by CCH.

In addition, the Secretary reasonably determined that, to the extent Dr. Leal merely contested CCH's *characterization* of the events of October 3, 2001, his purported dispute of the "accuracy" of the report was more properly considered an appeal of the hospital's reasons for taking disciplinary action. As the Secretary properly noted, such disputes are outside the scope of Secretarial Review. *See* U.S. Dept. of Health and Human Servs., Health Res. and Servs. Admin., Div. of Quality Assurance, Publ'n No. HRSA-95-255, National Practitioner Data Bank Guidebook (2001) F-1 ("The dispute process is not an avenue . . . to appeal the underlying reasons of an adverse action affecting the subject's license, clinical privileges, or professional society membership."); F-2 ("[A] subject may **not** dispute a report in order to appeal the underlying reasons for an adverse action."); F-3 (instructing the Secretary not to "review the . . . appropriateness of, or basis for, a health care entity's professional review action"). Therefore, the Secretary's decision not to re-weigh the evidence underlying CCH's stated reasons for imposing Dr. Leal's suspension was in accordance with law.

Turning to the second issue that must be considered upon secretarial review, i.e., whether the reporting entity was required to report the adverse action against the health care practitioner, the Court agrees with the magistrate judge's conclusion that the Secretary's determination that Dr. Leal's summary suspension was a reportable event was supported by substantial evidence. The Secretary noted in his final decision that, according to agency guidance, summary suspensions are reportable if the following three conditions are satisfied: (1) the suspension is in effect or imposed for more than 30 days; (2) the suspension is based on professional competence or conduct that

adversely affects, or could adversely affect, the health or welfare of a patient; and (3) the suspension was the result of a professional review action taken by the reporting entity. R. 269-70. Dr. Leal argued that his suspension was not reportable because his alleged conduct did not pose an imminent danger to the health of any individual, was not the result of a professional review action, and was unrelated to professional competence or conduct that adversely affected the health or welfare of a patient. R. 258. The Secretary thought differently, concluding that all three requirements were met. R. 270.

In support of his conclusion, the Secretary pointed to an October 8, 2001, letter from Dr. Moore, CCH Medical Staff President, stating specifically that he implemented Dr. Leal's summary suspension due to his "disruptive behavior" and "in the best interests of patient care." R. 269 (quoting R. 33). The Secretary also highlighted an October 23, 2001, letter from Christopher Kennedy, CCH President, in which Kennedy stated that the reason for Dr. Leal's summary suspension was "the violent, threatening, and physically destructive and damaging behavior [Dr. Leal] displayed on the third floor of the hospital on the evening of October 3, 2001." R. 269 (quoting R. 35). Though neither letter used the precise language of the second condition for a reportable summary suspension, i.e., professional conduct that adversely affects, or could adversely affect, the health or welfare of a patient, the Secretary reasonably concluded that both letters indicated that Dr. Leal's actions were considered to be related to his professional conduct and that the suspension was imposed amid concerns about the effect, or potential effect, of Dr. Leal's actions on the health or welfare of hospital patients. Therefore, the Court concludes that the Secretary's decision that the adverse action taken against Dr. Leal was reportable must be upheld because it was supported by substantial evidence.

As an aside, the Secretary's rejection of Dr. Leal's assertion that a summary suspension is only reportable where it was imposed to protect patients from "imminent danger" was not improper. First, the "imminent danger" language cited by Dr. Leal governs a health care entities' conduct of professional review actions; it does not govern the entity's ultimate duty to report the action to the NPDB. *See* 42 U.S.C. § 11112(c)(2) (relating to "Standards for professional review actions"). Second, Dr. Leal's contention that his summary suspension was not imposed to protect patients from imminent danger challenges the merits of the professional review action, not whether it was reportable by law. And, as the Secretary noted, the agency cannot conduct an independent review of the merits of a professional review action when resolving a disputed AAR. Thus, the Secretary properly declined to indulge Dr. Leal's request to evaluate whether CCH properly imposed his summary suspension.

In sum, the Secretary's determinations that the AAR was accurate and that Dr. Leal's summary suspension was reportable to the NPDB were both supported by substantial evidence. In addition, the Secretary reasonably determined that Dr. Leal's dispute improperly requested a review of the merits of CCH's decision to suspend his clinical privileges, and properly abstained from evaluating the appropriateness of, or basis for, the hospital's professional review action. Thus, the Secretary's decision to maintain the AAR in the NPDB must be upheld.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed July 28, 2009 (Doc. 33) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Objections to the Report and Recommendation (Doc. 34) are **OVERRULED**.

3. The Secretary's June 9, 2008 Secretarial Review Decision is **AFFIRMED**. The Clerk shall enter judgment in favor of Defendants.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 14, 2009.

Copies furnished to:

United States Magistrate Judge
Counsel of Record

ANNE C. CONWAY
United States District Judge